United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LUCIO SANCHEZ-BELTRAN,<br><br>            Petitioner,<br><br>     v.<br><br>UNITED STATES OF AMERICA,<br><br>            Respondent. | Case Nos. 07-CV-02098-JF (LHK)<br>            99-CR-20106-LHK-2<br><br>**ORDER DENYING MOTION TO COMPEL A RULE 35(B) MOTION, AND DIRECTING RESPONDENT TO ANSWER** |

Before the Court is Petitioner Lucio Sanchez-Beltran's ("Petitioner") motion to compel the government to move for a sentence reduction under Rule 35(b) of the Federal Rules of Criminal Procedure. ECF No. 215[1] ("Mot. Compel"). The United States of America ("Respondent") has not filed an answer. Having considered Petitioner's submission, the relevant law, and the record in this case, the Court DENIES Petitioner's motion to compel for the reasons stated below.

---

[1] All ECF citations refer to No. 99-CR-20106-LHK-2 unless specified otherwise.

1
Case Nos. 07-CV-02098-JF(LHK); 99-CR-20106-LHK-2
ORDER DENYING MOTION TO COMPEL A RULE 35(B) MOTION, AND DIRECTING RESPONDENT TO ANSWER

## I. BACKGROUND

### A. Factual Background

On July 13, 1999, a grand jury returned an indictment charging Petitioner with (1) conspiracy to possess with intent to distribute cocaine; (2) attempted possession with intent to distribute cocaine; (3) aiding and abetting; and (4) unlawful carrying of a firearm during and in relation to a drug trafficking crime. ECF No. 202, Order Denying § 2255 Petition ("§ 2255 Denial") at 1-2. Petitioner was released on bail on July 30, 1999. *Id.* Petitioner failed to appear in court on August 18, 1999, and was subsequently arrested on September 17, 2001. *Id.*

A grand jury returned a superseding indictment against Petitioner. On May 30, 2002, the government offered Petitioner a plea agreement in which Petitioner would plead guilty to counts 1 and 5 of the superseding indictment. ECF No. 185, App'x A. The offer expired on June 11, 2002, without Petitioner accepting it. *Id*. On July 24, 2002, a grand jury returned a second superseding indictment charging Petitioner with (1) three counts of conspiracy to possess with intent to distribute cocaine; (2) attempted possession with intent to distribute cocaine; (3) unlawful carrying of a firearm during and in relation to a drug trafficking crime; (4) failure to appear before a court; and (5) two counts of possession with intent to distribute cocaine. § 2255 Denial at 2. On March 24, 2003, Defendant pleaded guilty to all eight counts without a written plea agreement. ECF No. 96.

After pleading guilty, Plaintiff alleges that he provided information to agents from the federal Drug Enforcement Administration ("DEA") "on numerous names of individuals both in The [sic] United States and Mexico." Mot. Compel at 3. Plaintiff says he did so during meetings with the DEA that took place on (1) August 13, 2003; (2) December 5, 2003; (3) December 17, 2003; (4) March 22, 2004; (5) August 12, 2004; and (6) August 16, 2004. *Id.*

### B. Procedural History

On March 9, 2005, U.S. District Judge Jeremy Fogel sentenced Petitioner to 384 months of imprisonment. § 2255 Denial at 2. Judge Fogel did so without a section 5K1.1 reduction for

2
Case Nos. 07-CV-02098-JF(LHK); 99-CR-20106-LHK-2
ORDER DENYING MOTION TO COMPEL A RULE 35(B) MOTION, AND DIRECTING RESPONDENT TO ANSWER

substantial assistance provided prior to sentencing.[2] *See* Sentencing Tr. at 27, 38. The Ninth Circuit affirmed Petitioner's conviction and sentence on December 18, 2006. *See United States v. Sanchez-Beltran*, 213 F. App'x 548 (9th Cir. 2006).

Petitioner first moved to compel the government to move for a sentence reduction pursuant to Rule 35(b) on February 3, 2010. ECF No. 208. Judge Fogel terminated the motion without prejudice for lack of subject matter jurisdiction on February 22, 2010. ECF No. 210. In particular, he found that the motion was "outside the scope of appellate court's remand." *Id.* at 2. On December 2, 2010, Petitioner filed the instant motion to compel a Rule 35(b) motion. *See* Mot. Compel.

This case was reassigned to the undersigned judge on January 30, 2015. ECF No. 222. On the same day, Petitioner filed a motion under 18 U.S.C. § 3582(c)(2), seeking a reduction in his sentence on the basis of Amendment 782 to the U.S. Sentencing Guidelines. ECF No. 220 ("Mot. Reduce").

## II. LEGAL STANDARD

A district court "may modify an imposed term of imprisonment to the extent . . . expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. § 3582(c)(1)(B). Rule 35(b)(1) provides that "[u]pon the government's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person." Fed. R. Crim. P. 35(b)(1). Rule 35(b)(2) states, "[u]pon the government's motion made more than one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved: (A) information not known to the defendant until one year or more after sentencing; (B) information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing; or (C) information the usefulness of

---

[2] Section 5K1.1 states: "Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines." U.S.S.G. § 5K1.1.

3
Case Nos. 07-CV-02098-JF(LHK); 99-CR-20106-LHK-2
ORDER DENYING MOTION TO COMPEL A RULE 35(B) MOTION, AND DIRECTING RESPONDENT TO ANSWER

1  which could not reasonably have been anticipated by the defendant until more than one year after
2  sentencing and which was promptly provided to the government after its usefulness was
3  reasonably apparent to the defendant." Fed. R. Crim. P. 35(b)(2). Thus, "Rule 35(b) permits a
4  post-sentence reduction *if* the Government so moves and *if* there is substantial assistance." *United*
5  *States v. Tadio*, 663 F.3d 1042, 1052 (9th Cir. 2011) (citation omitted).

**III.    DISCUSSION**

In the instant case, Petitioner requests the Court to (1) compel the government to move for a sentence reduction pursuant to Rule 35(b), *see* Mot. Compel; and (2) reduce his sentence pursuant to 18 U.S.C. § 3582 and Amendment 782, *see* Mot. Reduce. The Court will first address Petitioner's motion to compel before turning to Petitioner's motion for sentence reduction.

**A. Motion to Compel a Rule 35(b) Motion**

Rule 35(b) permits courts, upon a motion from the government, to reduce a defendant's sentence based on substantial assistance provided *after sentencing*. Fed. R. Crim. P. 35(b); *see United States v. Quach*, 302 F.3d 1096, 1102 (9th Cir. 2002) (citing *United States v. Drown*, 942 F.2d 55, 59 (1st Cir. 1991) ("Rule 35(b) . . . was designed to recognize and reward *subsequent* cooperation. The rule speaks expressly to 'subsequent' assistance, a reference which, in context, can only mean assistance rendered after the defendant has been sentenced.")). In this case, however, all of Petitioner's alleged cooperation with the DEA occurred *before* his sentencing in 2005. *See* Mot. Compel at 3.  As a result, there is no basis for the government to move under Rule 35(b), let alone for the Court to compel the government to do so.

Petitioner asserts that his "sole purpose of cooperation with the government *before being sentenced* was to obtain a motion from the government for a sentence reduction pursuant to 5K1.1." Mot. Compel at 5 (emphasis added).  That may be true, but there is still no basis for relief under Rule 35(b).  Indeed, the "temporal distinction between § 5K1.1 and Rule 35(b) is not an empty one. While a section 5K1.1 motion 'rewards a defendant for his assistance *prior to sentencing*,' a 'Rule 35(b) motion rewards a defendant for *post-sentencing* assistance.'" *United*

4
Case Nos. 07-CV-02098-JF(LHK); 99-CR-20106-LHK-2
ORDER DENYING MOTION TO COMPEL A RULE 35(B) MOTION, AND DIRECTING RESPONDENT TO ANSWER

United States District Court
Northern District of California

*States v. Awad*, 371 F.3d 583, 588 (9th Cir. 2004) (quoting *Quach*, 302 F.3d at 1102). Although Petitioner makes several references to the arrest of Olazaba Andres, Mot. Compel at 6, 8-9, Petitioner concedes that the arrest was based on information Petitioner had provided to the government prior to sentencing, *id.* at 5-6. Petitioner has not cited, and the Court has not found, any authority holding that an arrest achieved with a defendant's pre-sentencing assistance, but made after the defendant is sentenced, constitutes "post-sentencing assistance" under Rule 35(b).

Moreover, as any Rule 35(b) motion filed by the government in the instant case would necessarily occur more than one year after Petitioner's sentencing, which took place in 2005, Rule 35(b)(2) would control. Rule 35(b)(2) refers only to "information" provided by the defendant after sentencing, making it clear that Petitioner's pre-sentencing information does not constitute the type of post-sentencing assistance Rule 35(b)(2) contemplates. *See* Fed. R. Crim. P. 35(b)(2). Petitioner has not claimed to have provided the government any "information" or to have cooperated in any way after his sentencing. To grant, much less compel, a Rule 35(b) motion without any post-sentencing assistance would constitute "legal error as to the temporal bounds of § 5K1.1 and Rule 35(b)." *Awad*, 371 F.3d at 590-91.

Even assuming that Petitioner were eligible for a Rule 35(b) sentence reduction—which he isn't—Petitioner would still not be entitled to relief. A downward departure for substantial assistance is "never guaranteed," as the government may properly decline to file a Rule 35(b) motion for any reason, provided that the reason "is not arbitrary, based on an unconstitutional motive, or made in bad faith." *United States v. Leonti*, 326 F.3d 1111, 1119 (9th Cir. 2003) (citing *Quach*, 302 F.3d at 1103 n.3). Consequently, a claim that a defendant "merely provided substantial assistance," combined with "additional but generalized allegations of improper motive," will not entitle a defendant to a remedy. *Wade v. United States*, 504 U.S. 181, 186 (1992). Rather, a defendant must make a "substantial threshold showing" by stating a claim involving "evidence 'that the Government refused to file a motion for suspect reasons such as his race or his religion,' or that 'the prosecutor's refusal to move was not rationally related to any

5

Case Nos. 07-CV-02098-JF(LHK); 99-CR-20106-LHK-2
ORDER DENYING MOTION TO COMPEL A RULE 35(B) MOTION, AND DIRECTING RESPONDENT TO ANSWER

legitimate Government end.'" *United States v. Treleaven*, 35 F.3d 458, 461 (9th Cir. 1994) (citation omitted). In *Treleaven*, the Ninth Circuit offered several examples to illustrate when a "substantial threshold showing" has been made:

> Circuit courts have held that a defendant has made such a showing where the government's refusal to move for a substantial assistance departure was a retaliation for his decision to exercise his constitutional right to a trial, *United States v. Paramo*, 998 F.2d 1212, 1219-20 (3d Cir. 1993), *cert. denied*, 510 U.S. 1121, 114 S. Ct. 1076, 127 L.Ed.2d 393 (1994); where the government's refusal constituted a breach of its plea agreement, *United States v. De La Fuente*, 8 F.3d 1333, 1340 (9th Cir. 1993) (allowing courts to order specific performance in such circumstances); and where the government's refusal was an attempt to ensure a defendant's continued cooperation, despite his presentence cooperation. *United States v. Drown*, 942 F.2d 55, 59 (1st Cir. 1991).

*Id.*

In the instant case, Petitioner alleges that the government "acted in bad faith, and with an unconstitutional motive" by (1) failing to evaluate Petitioner's pretrial assistance under section 5K1.1 during Petitioner's sentencing proceedings; and (2) failing to move for a Rule 35(b) reduction "after promising to do so." Mot. Compel at 5. The Court addresses each allegation in turn.

First, Petitioner claims that the government deferred consideration of his pretrial assistance at Petitioner's sentencing hearing, which constituted "bad faith and violated his Due Process rights." Mot. Compel at 9. However, the Ninth Circuit addressed this issue on direct appeal, stating:

> Sanchez also argues that the district court erred in deferring consideration of his rendering of substantial assistance. The record reveals, however, that the court did account for Sanchez's assistance when it considered the sentencing range under the advisory Guidelines. In imposing a sentence in the middle of the advisory Guidelines range, the court noted that "but for [Sanchez's] assistance to date this would be a high end case." Further, the district court's ability to depart downward for substantial assistance was curtailed by the government's failure to move for such a departure, and Sanchez *does not allege any arbitrariness or unconstitutional motivation on the part of the government in failing to so move*.

*Sanchez-Beltran*, 213 F. App'x at 552 (emphasis added). Petitioner had an opportunity to raise his claim of unconstitutional motive on appeal and elected not to do so. Moreover, Petitioner has

6
Case Nos. 07-CV-02098-JF(LHK); 99-CR-20106-LHK-2
ORDER DENYING MOTION TO COMPEL A RULE 35(B) MOTION, AND DIRECTING RESPONDENT TO ANSWER

failed to make a "substantial threshold showing" that the government acted with an improper motive not "rationally related to any legitimate Government end." *Treleaven*, 35 F.3d at 461. Petitioner has not provided any evidence or made any specific allegations to show that the government's behavior in the instant case approaches that exhibited in *Paramo* (retaliation), *De La Fuente* (breach of a plea agreement), or *Drown* (coerced cooperation). Petitioner's conclusory allegation of an impermissible motive is insufficient. *See Murphy*, 65 F.3d at 762-63 (finding the district court could not depart from the sentencing guidelines based only on an unproved allegation that the government withheld a downward departure motion to punish the defendant for exercising his right to a jury trial).

Second, Petitioner claims that the government acted in "bad faith" and with an "unconstitutional motive" by failing to move under Rule 35(b) "after promising to do so." Mot. Compel at 5. The Court is not convinced. In stark contrast to the petitioner in *De La Fuente*, Petitioner did not enter into a plea agreement with the government, which promised to move for a sentence reduction for substantial assistance. *De La Fuente*, 8 F.3d at 1335. Furthermore, Petitioner has not cited to any portion of the record to support his allegation that the government promised to make a Rule 35(b) motion. Rather, the record shows only that the government indicated that Petitioner's case "may very well be the kind of case that results in a Rule 35(b) sentencing reduction down the road," Sentencing Tr. at 19-20, and that Judge Fogel stated he would "not hesitate to entertain a motion under Rule 35(b), if the circumstances warrant[ed]," *id.* at 39. Petitioner, thus, has failed to provide any evidence establishing that the government's refusal to move under Rule 35(b) is based on anything other than "its rational assessment of the cost and benefit that would flow from moving." *Wade*, 504 U.S. at 187. For the reasons stated above, the Court DENIES Petitioner's motion to compel the government to move under Rule 35(b).

### B. Motion to Reduce Petitioner's Sentence

On January 30, 2015, Petitioner filed a motion under 18 U.S.C. § 3582(c)(2), seeking to reduce his sentence in accordance with Amendment 782 to the U.S. Sentencing Guidelines. *See* Mot. Reduce. Amendment 782 revised the Drug Quantity Table in section 2D1.1 of the U.S. Sentencing Guidelines and reduced the offense level applicable to many drug trafficking offenses, including those involving cocaine, by two levels. *See United States v. Beasley*, No. 89-CR-00602-TEH-1, 2014 WL 6694058, at *2 (N.D. Cal. Nov. 26, 2014). The government has not responded to Petitioner's motion.

Accordingly, the Court hereby ORDERS Respondent to file an answer to Petitioner's Amendment 782 motion not exceeding ten (10) pages in length. Respondent shall do so within forty-five (45) days of the filing of this Order.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Petitioner's motion to compel the government to move under Rule 35(b) and ORDERS Respondent to file an answer to Petitioner's Amendment 782 motion within 45 days.

**IT IS SO ORDERED.**

Dated: July 22, 2015

_____
LUCY H. KOH
United States District Judge

8
Case Nos. 07-CV-02098-JF(LHK); 99-CR-20106-LHK-2
ORDER DENYING MOTION TO COMPEL A RULE 35(B) MOTION, AND DIRECTING RESPONDENT TO ANSWER