UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LUCIO SANCHEZ-BELTRAN,<br><br>    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Case Nos. 07-CV-02098-JF (LHK)<br>           99-CR-20106-LHK-2<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |

Before the Court is Petitioner Lucio Sanchez-Beltran's ("Petitioner") motion for reconsideration of his motion to compel the government to move for a sentence reduction under Rule 35(b) of the Federal Rules of Criminal Procedure. ECF No. 236[1] ("Mot."). The Court denied Petitioner's motion to compel on July 22, 2015. ECF No. 230 ("Order").

Civil Local Rule 7-9(a) states: "Before the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case, any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order . . . . No party may notice a motion for reconsideration without first obtaining

---

[1] All ECF citations refer to No. 99-CR-20106-LHK-2 unless specified otherwise.

1
Case Nos. 07-CV-02098-JF(LHK); 99-CR-20106-LHK-2
ORDER DENYING MOTION FOR RECONSIDERATION

leave of Court to file the motion." Civil Local Rule 7-9(b) then provides three grounds for reconsideration:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Whether to grant leave to file under Civil Local Rule 7-9 is committed to the Court's sound discretion. *See Montebueno Mktg., Inc. v. Del Monte Corp.-USA*, 570 F. App'x 675, 676 (9th Cir. 2014).

Liberally construing Petitioner's pro se motion, the Court concludes that Petitioner has failed to make a showing that any of the three grounds for reconsideration under Civil Local Rule 7-9(b) has been satisfied. In denying Petitioner's motion to compel the government to move for a sentence reduction under Rule 35(b), the Court explained that Rule 35(b) permits courts, upon a motion from the government, to reduce a defendant's sentence based on substantial assistance provided *after* sentencing. *See* Order at 4 (citing Fed. R. Crim. P. 35(b)). As all of Petitioner's alleged cooperation with the federal Drug Enforcement Administration occurred *before* his sentencing in 2005, there was "no basis for the government to move under Rule 35(b), let alone for the Court to compel the government to do so." *Id.*

The Court also rejected Petitioner's claim that the government's decision at Petitioner's sentencing hearing to defer consideration of Petitioner's alleged pretrial assistance constituted bad faith and violated Petitioner's due process rights. Order at 6-7. At bottom, Petitioner asks the Court to reconsider this ruling. Specifically, Petitioner requests that the Court "review the government's conduct during sentencing"—namely, whether the government violated Petitioner's due process rights by "urging the district court . . . to defer evaluation of [Petitioner's] presentence substantial assistance to be revisited through a Rule 35(b) motion at a later date." Mot. at 2-5. As

2
Case Nos. 07-CV-02098-JF(LHK); 99-CR-20106-LHK-2
ORDER DENYING MOTION FOR RECONSIDERATION

the Court explained in its Order, however, the Ninth Circuit already addressed this claim on direct appeal:

> Sanchez also argues that the district court erred in deferring consideration of his rendering of substantial assistance. The record reveals, however, that the court did account for Sanchez's assistance when it considered the sentencing range under the advisory Guidelines. In imposing a sentence in the middle of the advisory Guidelines range, the court noted that "but for [Sanchez's] assistance to date this would be a high end case." Further, the district court's ability to depart downward for substantial assistance was curtailed by the government's failure to move for such a departure, and Sanchez does not allege any arbitrariness or unconstitutional motivation on the part of the government in failing to so move.

Order at 6 (quoting *United States v. Sanchez-Beltran*, 213 F. App'x 548, 552 (9th Cir. 2006)). As this Court previously held, Petitioner has made no showing that the Ninth Circuit's ruling was in error. *See id.* at 6-7. Petitioner has not cited to any portion of the record to support his allegation that the government ever promised to make a Rule 35(b) motion. Rather, the record shows only that the government indicated at sentencing that Petitioner's case "may very well be the kind of case that results in a Rule 35(b) sentencing reduction down the road," Sentencing Tr. at 19-20, and that the sentencing judge stated he would "not hesitate to entertain a motion under Rule 35(b), if the circumstances warrant," *id.* at 39. Petitioner, thus, has failed to provide any evidence beyond "generalized allegations of improper motive" establishing that the government's refusal to move under Rule 35(b) is based on anything other than "its rational assessment of the cost and benefit that would flow from moving." *Wade v. United States*, 504 U.S. 181, 186-87 (1992).

For these reasons, the Court DENIES Petitioner's motion for reconsideration of his motion to compel the government to move under Rule 35(b).

**IT IS SO ORDERED.**

Dated: August 31, 2015

_____
LUCY H. KOH
United States District Judge

3
Case Nos. 07-CV-02098-JF(LHK); 99-CR-20106-LHK-2
ORDER DENYING MOTION FOR RECONSIDERATION